# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BENYAM MENGIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CV01934 ERW |
| ) | |
| TIMOTHY "TIM" MCCORKLE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings claims relating to his renting of an apartment in Butler Hill Apartments. Plaintiff alleges that defendants failed to make maintenance repairs to his apartment, but repaired other apartments. Plaintiff further alleges that some of his personal belongings disappeared from his apartment. Finally, plaintiff claims that he slipped and fell outside of his apartment and sustained injuries.

## Discussion

Plaintiff has failed to state the jurisdictional grounds for filing this action in federal court. Plaintiff does not set forth any laws or constitutionally-protected rights that defendant allegedly has violated. See 28 U.S.C. § 1331. Moreover, plaintiff has insufficiently alleged diversity jurisdiction under 28 U.S.C. § 1332. In order to properly allege diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000 and that the plaintiff and the defendants are citizens of different states. Here, plaintiff seeks $35,000 in damages from his slip and fall, $15,000 in punitive damages, and $20,000 in damages for infliction of emotional distress.

Because plaintiff is pro se, the Court will give plaintiff the opportunity to show cause why the case should not be dismissed for lack of jurisdiction. Failure to respond to this Order or failure to show adequate cause will result in the dismissal of this case.

Plaintiff's motion for appointment of counsel will be denied without prejudice at this time. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to

further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in this case are not so complicated that the appointment of counsel is warranted at this time.

It is unclear what plaintiff is requesting in his request for an injunction and restraining order. Accordingly, it will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall show cause within thirty (30) days of the date of this Memorandum and Order why this case should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for an injunction and restraining order [ECF No. 4] is **DENIED**.

So Ordered this 25th day of November, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE